No. 73–1260. KAPLAN *v.* UNITED STATES. Ct. App. D. C. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any federal ban on obscenity is prohibited by the First Amendment (see *United States* v. *12 200-ft. Reels of Film,* 413 U. S. 123, 130 (1973) (DOUGLAS, J., dissenting)), would grant certiorari and reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted in the District of Columbia Court of General Sessions of presenting an obscene film in violation of D. C. Code § 22–2001 (a)(1)(B) (1973), which provides in pertinent part: "It shall be unlawful in the District of Columbia for a person knowingly . . . to present . . . any obscene, indecent, or filthy play, dance, motion picture, or other performance." The District of Columbia Court of Appeals affirmed, 277 A. 2d 477, and this Court granted certiorari, vacated the judgment, and remanded the case for further consideration in light of

*Miller* v. *California,* 413 U. S. 15 (1973), and companion cases. 413 U. S. 913. The Court of Appeals again affirmed. 311 A. 2d 506.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 22–2001 (a)(1)(B) is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California, supra,* at 47, I would therefore grant certiorari, and, since the judgment of the District of Columbia Court of Appeals was rendered after *Miller,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Moreover, on the basis of the Court's own holding in *Jenkins* v. *Georgia, ante,* p. 153, its denial of certiorari is improper. As permitted by Rule 21 (1) of the Rules of this Court, which provides that the record in a case need not be certified to this Court, the petitioner did not certify the allegedly obscene materials involved in this case. It is plain, therefore, that the Court, which has not requested the certification of those materials, has failed to discharge its admitted responsibility under *Jenkins* independently to review those materials under the second and third parts of the *Miller* obscenity test. Nor can it be as-

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

sumed that the court below performed such a review, since that responsibility was not made clear until *Jenkins*. Petitioner has thus never been provided the independent judicial review to which the Court held him entitled in *Jenkins*. At a minimum, the Court should vacate the judgment below and remand for such a review.

Finally, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States, ante*, p. 141, I believe that, consistent with the Due Process Clause, petitioner must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his conviction has ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioner should be afforded a new trial under local community standards.